**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| LINDSEY LAY, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | |
| v. | ) | NO. 4:20-cv-00141-CDL |
| | ) | |
| STELLER MANAGEMENT GROUP III, INC. and KOCH FOODS OF ALABAMA, LLC d/b/a KOCH FOODS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT STELLER MANAGEMENT GROUP III, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Steller Management Group III, Inc. ("Steller Management Group" or "Defendant") and files this, its Answer to Plaintiff's Complaint, and by way of said Answer respectfully shows the following:

**AFFIRMATIVE DEFENSES**

In answering the Plaintiff's Complaint, Defendant Steller Management Group hereby asserts the following defenses:

**FIRST DEFENSE**

Plaintiff's Complaint and each of its causes of action fail to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's damages are limited to those remedies and those amounts provided for by the statute.

**THIRD DEFENSE**

Defendant's actions were in good faith in conformity with and in reliance on the written administrative regulations, orders, rulings, approvals, interpretations, and/or administrative practice or enforcement policy of the Wage and Hour Division of the Department of Labor.

**FOURTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

**FIFTH DEFENSE**

Even if Plaintiff worked time off-the-clock or otherwise was not fully compensated for the time he worked, Defendant exercised reasonable care to prevent and correct the actions which support Plaintiff's claim, and Plaintiff unreasonably failed to report the time worked, avail himself of preventive or corrective opportunities or to avoid harm otherwise.

**SIXTH DEFENSE**

Plaintiff has failed to mitigate damages as required by law.

**SEVENTH DEFENSE**

Plaintiff's Complaint fails to state a claim for actual or liquidated damages.

**EIGHTH DEFENSE**

Defendant Steller Management Group reserves the right to assert any additional affirmative defenses allowed by Rule 8 depending upon any evidence discovered in pursuit of this litigation.

**NINTH DEFENSE**

Defendant Steller Management Group answers Plaintiff's specific allegations in the Complaint as follows:

**NATURE OF THE ACTION**

1. Defendant admits that Plaintiff brings claims for alleged breach of contract under Georgia law and for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and that he seeks remedies under that Act, and denies the remaining allegations pled in paragraph 1 of the Complaint.

**PARTIES**

2. Defendant is without knowledge or information sufficient to admit or deny the allegations pled in paragraph 2 of the Complaint.

3. Admitted.

4. Admitted.

5. Admitted.

6. Defendant shows that the allegations in paragraph 6 are not directed to it and require no response by it. To the extent a response is required to the allegations in this paragraph, Defendant is without knowledge or information sufficient to admit or deny these allegations.

7. Defendant shows that the allegations in paragraph 7 are not directed to it and require no response by it. To the extent a response is required to the allegations in this paragraph, Defendant is without knowledge or information sufficient to admit or deny these allegations.

8. Defendant shows that the allegations in paragraph 8 are not directed to it and require no response by it. To the extent a response is required to the allegations in this paragraph, Defendant is without knowledge or information sufficient to admit or deny these allegations.

**JURISDICTION AND VENUE**

9. Defendant admits that this Court has jurisdiction over Plaintiff's FLSA claim, and denies the remaining allegations pled in paragraph 9 of the Complaint.

10. Denied.

11. Defendant admits that Plaintiff attempts to establish jurisdiction and venue, and denies the remaining allegations pled in paragraph 11 of the Complaint.

**FACTS SHOWING THAT DEFENDANTS EMPLOYED MR. LAY**

12. Denied.

13. Defendant admits that Plaintiff attempts to establish employer coverage under the FLSA, and denies the remaining allegations pled in paragraph 13 of the Complaint.

14. Defendant admits that Plaintiff attempts to establish employer coverage under the FLSA, and denies the remaining allegations pled in paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff attempts to establish employer coverage under the FLSA, and denies the remaining allegations pled in paragraph 15 of the Complaint.

16. Defendant admits that Plaintiff attempts to establish employer coverage under the FLSA, and denies the remaining allegations pled in paragraph 16 of the Complaint.

17. Defendant admits that Plaintiff attempts to establish employer coverage under the FLSA, and denies the remaining allegations pled in paragraph 17 of the Complaint.

18. Defendant admits that Plaintiff attempts to establish employer coverage under the FLSA, and denies the remaining allegations pled in paragraph 18 of the Complaint.

19. Defendant admits that Plaintiff attempts to establish employer coverage under the FLSA, and denies the remaining allegations pled in paragraph 19 of the Complaint.

20. Defendant admits that Plaintiff attempts to establish employer coverage under the FLSA, and denies the remaining allegations pled in paragraph 20 of the Complaint.

21. Defendant admits that Plaintiff attempts to establish employer coverage under the FLSA, and denies the remaining allegations pled in paragraph 21 of the Complaint.

22. Defendant admits that Plaintiff attempts to establish employer coverage under the FLSA, and denies the remaining allegations pled in paragraph 22 of the Complaint.

23. Defendant admits that Plaintiff was employed by Defendant, and denies the remaining allegations pled in paragraph 23 of the Complaint.

24. Admitted.

25. Admitted.

26. Admitted.

27. Defendant admits that it can update employment records, denies that any such event occurred, and denies the remaining allegations pled in paragraph 27 of the Complaint.

28. Defendant admits that it employed Plaintiff, and denies the remaining allegations pled in paragraph 28 of the Complaint.

29. Defendant admits that it employed Plaintiff, and denies the remaining allegations pled in paragraph 29 of the Complaint.

30. Defendant admits that it employed Nicholas Williams, and denies the remaining allegations pled in paragraph 30 of the Complaint.

31. Defendant admits that Nicholas Williams was Plaintiff's manager during some or all of his employment, and denies the remaining allegations pled in paragraph 31 of the Complaint.

32. Defendant admits that Nicholas Williams was Plaintiff's manager during some or all of his employment, and denies the remaining allegations pled in paragraph 32 of the Complaint.

33. Defendant admits that it employed Plaintiff to perform work at Koch Foods, and denies the remaining allegations pled in paragraph 33 of the Complaint.

34. Admitted.

35. Defendant shows that the allegations in paragraph 35 are not directed to it and require no response by it. To the extent a response is required to the allegations in this paragraph, Defendant is without knowledge or information sufficient to admit or deny the entirety of the "business" of Koch Foods.

36. Defendant shows that the allegations in paragraph 36 are not directed to it and require no response by it. To the extent a response is required to the allegations in this paragraph, Defendant is without knowledge or information sufficient to admit or deny these allegations.

37. Defendant shows that the allegations in paragraph 37 are not directed to it and require no response by it. To the extent a response is required to the allegations in this paragraph, Defendant is without knowledge or information sufficient to admit or deny these allegations.

38. Defendant shows that the allegations in paragraph 38 are not directed to it and require no response by it. To the extent a response is required to the allegations in this paragraph, Defendant is without knowledge or information sufficient to admit or deny these allegations.

39. Defendant shows that the allegations in paragraph 39 are not directed to it and require no response by it. To the extent a response is required to the

allegations in this paragraph, Defendant is without knowledge or information sufficient to admit or deny these allegations.

40. Defendant shows that the allegations in paragraph 40 are not directed to it and require no response by it. To the extent a response is required to the allegations in this paragraph, Defendant is without knowledge or information sufficient to admit or deny these allegations.

41. Defendant shows that the allegations in paragraph 41 are not directed to it and require no response by it. To the extent a response is required to the allegations in this paragraph, Defendant is without knowledge or information sufficient to admit or deny these allegations.

42. Defendant shows that the allegations in paragraph 42 are not directed to it and require no response by it. To the extent a response is required to the allegations in this paragraph, Defendant is without knowledge or information sufficient to admit or deny these allegations.

43. Defendant shows that the allegations in paragraph 43 are not directed to it and require no response by it. To the extent a response is required to the allegations in this paragraph, Defendant is without knowledge or information sufficient to admit or deny these allegations.

44. Defendant shows that the allegations in paragraph 44 are not directed to it and require no response by it. To the extent a response is required to the allegations in this paragraph, Defendant is without knowledge or information sufficient to admit or deny these allegations.

45. Defendant shows that the allegations in paragraph 45 are not directed to it and require no response by it. To the extent a response is required to the allegations in this paragraph, Defendant is without knowledge or information sufficient to admit or deny these allegations.

46. Denied.

47. Denied.

48. Denied.

49. Defendant admits that it employed Plaintiff to perform work for Koch Foods, and denies the remaining allegations pled in paragraph 49 of the Complaint.

50. Defendant admits that it employed Plaintiff to perform work for Koch Foods, and denies the remaining allegations pled in paragraph 50 of the Complaint.

51. Defendant admits that it employed Plaintiff to perform work for Koch Foods, and denies the remaining allegations pled in paragraph 51 of the Complaint.

52. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 52.

53. Denied.

54. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 54.

55. Denied.

56. Denied.

57. Defendant admits that it employed Plaintiff, and denies the remaining allegations pled in paragraph 57 of the Complaint.

58. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 58.

59. Defendant admits that it employed Plaintiff and that he served in more than one role, and denies the remaining allegations pled in paragraph 59 of the Complaint.

60. Defendant admits that it employed Plaintiff and that he served in more than one role, and denies the remaining allegations pled in paragraph 60 of the Complaint.

61. Denied.

62. Defendant admits that Plaintiff worked for Defendant at the Pine Mountain, Georgia location, and denies the remaining allegations pled in paragraph 62 of the Complaint.

63. Denied.

## FACTS SUPPORTING MR. LAY'S CLAIM FOR UNPAID OVERTIME

64. Defendant admits that Mr. Lay was properly paid an hourly rate and received overtime.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## FACTS SUPPORTING MR. LAY'S BREACH OF CONTRACT CLAIM AGAINST STELLAR

84. Defendant admits Plaintiff worded as a chiller room and chemical lead and denies the remaining allegations in paragraph 84.

85. Defendant admits Plaintiff was paid pursuant to a contract at specific hours rates and denies the remaining allegations in paragraph 85.

86. Denied.

87. Denied.

88. Denied.

## COUNT I: FAILURE TO PAY OVERTIME WAGES

89. Admitted.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

**COUNT 2: BREACH OF CONTRACT AGAINST DEFENDANT STELLAR**

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

**COUNT 3: ATTORNEYS' FEES AGAINST DEFENDANT STELLAR MANAGEMENT**

102. Denied.

103. Denied.

104. Denied.

105. Defendant denies that Plaintiff is entitled to any relief, including the relief sought in sections (a) through (f) in the "Demand for Judgment" portion of the Complaint.

106. Any allegations not otherwise answered or responded to herein are hereby denied, as though set forth fully and denied.

**WHEREFORE,** Defendant Steller Management Group III, Inc. in the above-referenced civil action respectfully requests that this Court:

1. Dismiss with prejudice Plaintiff's Complaint against Defendant Steller Management Group III; Inc.;

2. Award Defendant Steller Management Group III, Inc. its reasonable attorney's fees, costs, and expenses; and

3. Award any and all other relief to Defendant Steller Management Group III, Inc. that this Court may deem necessary and proper.

**DEMAND FOR JURY TRIAL**

Defendant Steller Management Group III, Inc. demands trial by jury as to all issues alleged in this civil action.

Respectfully submitted this 21st day of August, 2020.

*s/Martin B. Heller*
Martin B. Heller
Georgia Bar No. 360538
mheller@fisherphillips.com
J. Micah Dickie
Georgia Bar No 324015
mdickie@fisherphillips.com
FISHER PHILLIPS LLP
1075 Peachtree Street, Suite 3500
Atlanta, Georgia 30309
Telephone: (404) 240-4146
Facsimile: (404) 240-4249

Attorneys for Defendant Steller
Management Group III, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| LINDSEY LAY, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | |
| v. | ) | NO. 4:20-cv-00141-CDL |
| | ) | |
| STELLER MANAGEMENT GROUP III, INC. and KOCH FOODS OF ALABAMA, LLC d/b/a KOCH FOODS, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that on this day, I electronically filed **Defendant Steller Management Group III, Inc.'s Answer to Plaintiff's Complaint** with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

John L. Mays, Esq.
William S. Cleveland, Esq.
Parks, Chesin & Walbert, P.C.
75 Fourteenth Street, 26th Floor
Atlanta, Georgia 30309
jmays@pcwlawfirm.com
wcleveland@pcwlawfirm.com

Janell M. Ahnert, Esq.
Littler Mendelson PC
420 20th Street North, Suite 2300
Birmingham, AL 35203
jahnert@littler.com

This 21st day of August, 2020.

*s/Martin B. Heller*
Martin B. Heller
Georgia Bar No. 360538
FISHER PHILLIPS, LLP